PEOPLE v TWOMEY

PEOPLE v BAILEY

PEOPLE v BROCK-BEY

Docket Nos. 107928, 108243, 108303. Submitted August 18, 1988, at Grand Rapids. Decided November 22, 1988.

John P. Twomey, Andre L. Bailey and Henry Brock-Bey were each charged with a criminal offense. In each case, a preliminary examination was scheduled within twelve days of arraignment but was not held until more than twelve days after arraignment due to district court docket congestion. The district court denied the defendants' motions to dismiss. Defendants each appealed and the Ionia Circuit Court affirmed, James L. Banks, J., in Docket No. 107928, and Charles W. Simon, Jr., J., in Docket Nos. 108243 and 108303. Each defendant appealed by leave granted and the appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

Simple docket congestion without a showing of unusual circumstances does not constitute good cause for adjournment of preliminary examinations beyond the statutory twelve-day limit.

Reversed.

CRIMINAL LAW — PRELIMINARY EXAMINATION — TWELVE-DAY LIMIT — DOCKET CONGESTION.

Preliminary examination must be conducted within twelve days of arraignment absent a showing of good cause for delay; simple docket congestion without a showing of unusual circumstances does not constitute good cause for adjournment of preliminary examinations beyond the statutory twelve-day limit (MCL 766.4; MSA 28.922).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Criminal Law § 414.

See the Index to Annotations under Criminal Law; Preliminary or Pretrial Matters.

*Caruso,* Solicitor General, and *Gary M. Gabry,* Prosecuting Attorney, for the people.

*David A. Hoort,* for defendant Twomey.

*Patrick M. Duff,* for defendants Bailey and Brock-Bey.

Before: MacKenzie, P.J., and McDonald and R. Robinson,* JJ.

Per Curiam. Defendants appeal by leave granted orders entered April 6, 7, and 11, 1988, denying defendants' motions to dismiss charges based on the district court's failure to hold defendants' preliminary examinations within twelve days of their arraignments. We reverse.

Defendants' preliminary examinations were scheduled for February 2, 1988. In Ionia County, the district court schedules all examinations for Tuesday afternoons. Crimes arising outside the prison are to be examined at 1:00 P.M., and prison cases at 2:30 P.M.

On most days, there are sufficient waivers of examination, dismissals and plea bargaining that the full list is gone through. However, on February 2, six examinations were scheduled and several of the defendants demanded their statutory right to be examined. The court was unable to finish before its normal closing hour, and these examinations were therefore rescheduled. At the rescheduled examinations, defendants moved to dismiss for violation of the twelve-day rule, MCL 766.4; MSA 28.922. The motions were denied, the district court reciting the demand for examination by multiple

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

defendants, causing "docket congestion," as good cause for the delay in holding examination. We disagree.

Simple docket congestion without a showing of unusual circumstances, cf. *People v Asher,* 32 Mich App 380; 189 NW2d 148 (1971), does not constitute "good cause" for adjournment of examinations beyond the twelve-day statutory time limit. The defendant's right to timely examination is superior to any question of the mere convenience of the public officers, and the examination should commence at once unless the accused asks for a delay. *In the Matter of Peoples,* 47 Mich 626; 11 NW 413 (1882). Our review of the record in the instant case reveals a self-inflicted congested docket. We therefore find no "good cause" for the delay.

Reversed.